JEFFREY A. COHEN (SBN 149615)
NADINE ALSAADI (SBN 339899)
**COHEN BUSINESS LAW GROUP**
*A Professional Law Corporation*
10990 Wilshire Blvd., Suite 1025
Los Angeles, California 90024
Tel:   (310) 469-9600
Fax:  (310) 469-9610

*Attorneys for Plaintiff*
**WELL GO USA, INC.**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| WELL GO USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>XIAOYUTIAN CINEMA & RAINY DAY CINEMA and BING YANG, individually,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>(1) Copyright Infringement – 17 U.S.C. § 501 *et seq*.<br><br>(2) Wrongful Takedown Notice 17 U.S.C. 512(f)<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff, Well Go USA, Inc. ("WGU"), by and through its undersigned counsel, alleges as follows against Xiaoyutian Cinema & Rainy Day Cinema (collectively, "Rainy Day Cinema") and Bing Yang, individually (collectively "Defendants"):

## PARTIES

1. Plaintiff WGU is a Texas corporation, doing business as Well Go USA Entertainment, with its principal place of business at 3801 W Plano Pkwy, Suite 300, Plano,

COMPLAINT

1  Texas 75083.

2  2. On information and belief, Defendant Rainy Day Cinema is a resident of China. Defendant has expressly consented to jurisdiction and can be served with process at YouTube's physical location at YouTube, LLC 901 Cherry Ave., San Bruno, California 94066.

3. On information and belief, Defendant Yang is an individual resident of China. Defendant has expressly consented to jurisdiction and can be served with process at YouTube's physical location at YouTube, LLC 901 Cherry Ave., San Bruno, California 94066.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction over the claims set forth in this Complaint under 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. § 1338(a) (copyright actions).

5. On information and belief, Defendants regularly and systematically conduct business in this District and within this Division and have expressly consented to jurisdiction within this Division.  Accordingly, Defendants are subject to the personal jurisdiction of this Court.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), (b) and (c) because, on information and belief, a substantial portion of the acts and omissions complained of herein, including acts of infringement, occurred in this District and within this Division, and because there is no district in which an action may otherwise be brought as provided by 28 U.S.C. § 1391, and Defendants have expressly consented to the Court's personal jurisdiction with respect to this action.

**FACTUAL BACKGROUND**

**A. WGU's Business and Copyright**

7. WGU is an entertainment company that produces, markets, and distributes

motion pictures and other media in the United States and numerous other territories.

8. Aurora and Arclight ("Arclight") are the authors of the film Triple Threat ("Triple Threat"). On or about March 24, 2017, WGU entered into a distribution agreement with Arclight, granting WGU an exclusive license to distribute Triple Threat (the "WGU Distribution Agreement") within North America (including the United States and Canada), which is defined as each of their respective protectorates, commonwealths, territories, trusteeships and possessions (including, without limitation, the U.S. Virgin Islands, Puerto Rico, Guam, Bermuda, saipan, American Samoa and the Caroline Islands, Baker Island, Marshall Islands, Northern Marianas, Wake Island), and the United Kingdom, Republic of Ireland, Australia, and New Zealand, as well as each of their military and government installations (including Armed Forces Radio and Television), diplomatic posts and embassies wherever located, and any and all oil rigs flying their flag (the "exclusively licensed territory"). Authorized language rights for the film include all languages including English, French, and Spanish. The WGU Distribution Agreement expressly includes all rights in and to Triple Threat in all media and by all means and methods "now known or hereafter derived" and runs for a term of twenty years from the signing of the agreement. *See* WGU Distribution Agreement attached hereto as Exhibit A.

9. WGU subsequently registered its rights in Triple Threat with the U.S. Copyright Office at U.S. Copyright Registration No. PA 2-353-589, effective April 25, 2022 (the "Copyrighted Work"). *See* Copyright Registration Certificate, attached hereto as Exhibit B.

10. WGU's copyright registration is currently valid, subsisting, and in full force and effect. WGU has taken appropriate measures to protect its copyright and place the public on notice thereof. WGU has never authorized Defendants to stream, display, or distribute the Copyrighted Work in violation of WGU's copyright.

B.    **Defendants' Infringement of WGU's Copyright**

11.    On or about January 31, 2024, WGU discovered that Defendant Rainy Day Cinema had posted a full-length copy of Triple Threat to YouTube at http://www.youtube.com/watch?v=ovxsCCZQDzw. This full-length version of the Copyrighted Work, as posted by Defendant, was available to a large subscription base of viewers within the United States without WGU's knowledge or consent and in violation of WGU's copyright and YouTube's own Terms of Use. Accordingly, WGU submitted a formal request that YouTube remove the infringing content on the basis of WGU's rights in the Copyrighted Work.

12.    On or about February 9, 2024, WGU received notice from YouTube that Defendant Yang (on behalf of Defendant Rainy Day Cinema) had submitted a counter notification to YouTube claiming "…a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled."

13.    In connection with this counter-notice, Defendants expressly "consent[ed] to the jurisdiction of the Federal District Court for the district in which [his] address is located, or if [his] address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant."

14.    Upon receipt of the counter-notice, and consistent with YouTube Terms of Service, YouTube advised WGU that it had ten business days within which to "file[] an action seeking a court order against the counter notifier to restrain the allegedly infringing activity" and that in most cases, "such evidence would include a lawsuit against the uploader who filed the counter notification[s]" and "which names the specific YouTube URL(s) at issue." A true and correct copy of the counter-notice and YouTube notification is attached as Exhibit C.

15.    On information and belief, Defendants are in the business of the distribution of motion pictures and other media. As detailed above, Defendants have directed their

business activities toward consumers in North America and specifically within this Judicial District.

16. Defendants' online distribution of the Copyrighted Work, using YouTube's streaming services, and without the knowledge, consent, or authorization of WGU violates WGU's exclusive rights of reproduction, derivative works, distribution, and public display.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT ONE**

**Federal Copyright Infringement**

**(17 U.S.C. § 501 *et seq.*)**

17. WGU incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

18. WGU is the sole owner of all right, title, and interest to the Copyrighted Work and of the corresponding copyright and Certificate of Registration. As a copyright holder pertaining to the Copyrighted Work, WGU has the exclusive right, subject to certain limitations, to reproduce the work, prepare derivative works, distribute copies of the work, and/or publicly display the Copyrighted Work. 17 U.S.C. § 106(1)-6). "Anyone who violates any of the exclusive rights of the copyright owner ... is an infringer of the copyright." 17 U.S.C. § 501(a).

19. The Copyrighted Work consists of original material and is copyrightable in subject matter.

20. Defendants publicly displayed and/or distributed a copy of WGU's Copyrighted Work for financial gain and without WGU's approval or authorization, in violation of WGU's copyright.

21. As demonstrated by Defendants' submission of a counter-notice to YouTube, Defendants have used and will continue to use WGU's Copyrighted Work through online streaming platforms including but not limited to YouTube and other online venues.

22. Such use violates WGU's exclusive rights of reproduction, derivative works, distribution, and public display pursuant to U.S. Copyright Registration No. PA 2-353-589.

23. The foregoing acts of Defendants constitute infringement of WGU's intellectual property rights in violation of the Copyright Act (17 U.S.C. § 501 *et seq.*).

24. The acts of infringement by Defendants have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of WGU.

25. As a direct and proximate result of the Defendants's actions, WGU has suffered damages for which WGU now sues.

26. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

27. Pursuant to 17 U.S.C. § 504(b), WGU is entitled to recover its actual damages and all profit Defendants have made as a result of its wrongful conduct.

28. Alternatively, pursuant to 17 U.S.C. § 504(c), WGU is entitled to statutory damages between $750 and $30,000 per infringed work, and up to $150,000 per infringed work as a result of Defendants' willful and intentional conduct.

29. Pursuant to 17 U.S.C. § 505, WGU requests an award of its full attorney fees and costs.

30. Because the Defendants' actions have been willful and deliberate, this is an exceptional case for which attorneys' fees are recoverable under 15 U.S.C. § 1117(a).

## COUNT TWO

### Misrepresentation in Counter Notification

### (17 U.S.C. § 512(f))

31. WGU incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

32. On information and belief, Defendants knew or should have known that Defendants did infringe on WGU's copyright on the date Defendants sent YouTube their

counter notification pursuant to 17 U.S.C. §512.

33. Accordingly, Defendants violated 17 U.S.C. § 512(f) by knowingly and materially misrepresenting to YouTube that the material was not infringing while knowing it was, and by asserting that removal of this streaming video on the basis of infringement (i.e., without license or consent of the Copyright owner) was a mistake, while knowing there was no mistake.

34. As a direct and proximate result of Defendants' actions, WGU has been injured substantially and irreparably.

35. Based upon the allegation herein, Plaintiff is entitled to, and hereby seeks, an award of costs and attorneys fees according to 17 U.S.C. §512(f)

### APPLICATION FOR INJUNCTION

36. WGU incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

37. Upon information and belief, Defendants, unless enjoined, will continue to infringe WGU's Copyrighted Work as described in this Complaint. These acts violate the Copyright Act.

38. These actions entitle WGU to injunctive relief and, upon hearing, permanent injunction enjoining Defendants and their representatives, officers, agents, servants, employees, users, and attorneys, and all those persons in active concert or in participation with them from:

 (i) Any unauthorized use of the Copyrighted Work, including reproducing, distributing, adapting, and/or publicly displaying the Copyrighted Work in an unauthorized manner;

 (ii) infringing any rights of WGU; and

 (iii) Otherwise competing unfairly with WGU or injuring its business reputation in any manner.

39. For these actions, there is no adequate remedy at law. Further, WGU is substantially likely to prevail on the merits of these claims. The injury to WGU greatly outweighs any injury to Defendants that the requested injunction may cause. The balance of hardships tips strongly in favor of WGU. Finally, the injunction will not disserve the public interest. Therefore, WGU is entitled to preliminary and permanent injunctive relief against Defendants.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Well Go USA, Inc. prays that Defendants Xiaoyutian Cinema & Rainy Day Cinema and Bing Yang, individually, be cited to appear and answer and that after a hearing, the Court grant the following relief:

40. In accordance with 17 U.S.C. § 502 and 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendants and their representatives, officers, agents, servants, employees, users, if any, and attorneys, and all those persons in active concert or participation with Defendants from the acts described in this Complaint;

41. Order Defendants to file with the Court and serve on WGU's counsel within 30 days after service of the order requiring the actions specified above, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

42. Order Defendants to provide an accounting of all financial gain related to Defendants' infringement of the Copyrighted Work in accordance with 17 U.S.C. § 504(b);

43. Enter judgment against Defendants for WGU's actual damages and Defendants' profits under the Copyright Act (17 U.S.C. § 504(b)), or alternatively, for statutory damages under § 504(c);

44. In accordance with 15 U.S.C. § 1117(a), 17 U.S.C. § 505, 17 U.S.C. § 512(f), and 17 U.S.C. § 1203(b)(5), award WGU its reasonable attorney fees, costs, and expenses of this action;

45. Award WGU pre-judgment and post-judgment interest as provided by law; and

46. Such other and further relief at law or in equity as WGU may be justly entitled.

Dated: February 13, 2024

**COHEN BUSINESS LAW GROUP**
A Professional Corporation

By: /s/ Jeffrey A. Cohen
_____
JEFFREY A. COHEN
NADINE ALSAADI
Attorneys for Plaintiff,
**WELL GO USA, INC.**

### DEMAND FOR TRIAL BY JURY

WGU demands a trial by jury on its claims alleged against Defendants.

Dated:  February 13, 2024

**COHEN BUSINESS LAW GROUP**
A Professional Corporation

By: /s/ Jeffrey A. Cohen
_____
JEFFREY A. COHEN
NADINE ALSAADI
Attorneys for Plaintiff,
**WELL GO USA, INC.**